IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETTA P. WASHINGTON, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:17-CV-3382-B |
| § | |
| BRINK'S, INC., § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order dated April 30, 2018 (doc. 16), before the Court is *Defendant's Motion to Dismiss for Failure to Prosecute*, filed April 27, 2018 (doc. 15). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I.  BACKGROUND

Kennetta P. Washington (Plaintiff) filed this *pro se* action against Brink's, Incorporated (Defendant) on December 13, 2017, alleging she was misinformed about her rights and prevented from requesting a leave of absence under the Family and Medical Leave Act. (*See* doc. 3 at 10-11.)[1]

Defendant served Plaintiff with discovery on February 14, 2018. (*See* doc. 15-1 at 2.) In an accompanying letter, Defendant notified Plaintiff that her responses were due in thirty days, and it also asked her to provide available dates for her deposition. (*Id.*) On February 26, 2018, Plaintiff contacted Defendant's counsel to discuss the requested discovery. (*See* doc. 15-2 at 2.) After Defendant's counsel explained what the discovery requests were, Plaintiff told her that she did not "owe" Defendant anything. (*Id.*) Defendant's counsel explained the discovery process, but Plaintiff hung up on her. (*See* doc. 15-2 at 2-3.) That was the last time that Plaintiff communicated with her.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*Id.*)

On March 23, 2018, Defendant's counsel sent Plaintiff a letter asking her to respond to the discovery requests and to provide available dates for her deposition. (*See* doc. 15-3 at 2.) It warned Plaintiff that if she failed to submit her responses, Defendant would file a motion to compel her to provide discovery. (*Id.*) Plaintiff did not respond. (*See* doc. 15-4 at 2.)

On April 9, 2018, Defendant's counsel sent Plaintiff another letter asking her for discovery responses and available dates for her deposition. (*Id.*) The letter again stated that if she did not respond, Defendant would move to compel her to provide discovery or to dismiss the case for want of prosecution. (*Id.*) Plaintiff again failed to respond.

Defendant moved to dismiss the action for failure to prosecute on April 27, 2018. (*See* doc. 15.)  An affidavit by its counsel states in addition to failing to respond to the discovery requests, request for deposition dates, and letters, Plaintiff has not done anything to otherwise prosecute her claims. (*See* doc. 15-2 at 2-3.) Plaintiff failed to respond to the motion to the motion, and she has not filed anything else in the case since December 13, 2017.

## II.  INVOLUNTARY DISMISSAL

Defendant moves to dismiss this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (*See* doc. 15.)

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b). . .operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link*

*v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

"A dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'" *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992), (quoting *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)). It is well-established that in the Fifth Circuit, dismissals with prejudice under Rule 41(b) are affirmed "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. (citations omitted); *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415 (5th Cir. 2006).

Here, Plaintiff called Defendant's counsel to discuss the discovery requests filed on February 14, 2018, stated that she did not "owe" Defendant anything, hung up, and refused to communicate with counsel after that. (*See* doc. 15-2 at 2.) She failed to respond to Defendant's repeated requests for answers to the discovery requests and available deposition dates despite warning that it would file a motion to compel or to dismiss the action based on the failure to respond. (*See* doc. 15-3; 15-4.) She then failed to respond to Defendant's motion to dismiss for failure to prosecute, and she has notably filed nothing in the case since December 13, 2017, when she filed her complaint. This constitutes a "significant period[] of total inactivity" that is longer "than just a few months." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) (noting that dismissal with prejudice is reserved for "egregious and sometimes outrageous delays" that threaten "the

3

integrity of the judicial process").[2]

Second, "lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)); *see also In re Deepwater Horizon*, __F.3d __, 2018 WL 5077646, at *2 (5th Cir. Oct. 18, 2018) (citing *Sealed Appellant*, 452 F.3d at 417). Lesser sanctions to be considered include "[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (quoting *Rogers*, 669 F.2d at 321-22). Defendant explicitly warned Plaintiff twice that it would file a motion to compel or a motion to dismiss for want of prosecution if she did not submit the requested discovery or deposition dates. (*See* doc. 15-4 at 2.) She had done nothing to prosecute her case when Defendant filed its motion, she did not respond to the motion, and has filed nothing in this case in the seven months that have since passed. Additional warnings or orders to pay attorney's fees or a fine would likely not be effective in promoting her participation in this lawsuit. Because she has provided no discovery at all, exclusion of evidence or witnesses not disclosed as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389 (5th Cir. 2014), would likely also not be effective. Given Plaintiff's complete failure to participate in this

---

[2]The Fifth Circuit has "recognized that 'it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice.'" *Millan*, 546 F.3d at 327 (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)); *see also Jone Jones Collection, Inc. v. Good Price Mart, Inc.*, No. 3:09-CV-2463-G, 2010 WL 2403727, at *2 (N.D. Tex. June 15, 2010) (citing Black's Law Dictionary 337 (9th ed.2009) (defining "contumacious conduct" as "willful disobedience of a court order")). Here, there is no allegation that Plaintiff disobeyed any court orders.

lawsuit thus far, a conditional dismissal such as that suggested in *McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988), would not appear to prompt action by her. Moreover, the fourteen-day period for her to object the recommendation of dismissal will afford the same opportunity to avoid dismissal. Accordingly, lesser sanctions would be futile.

Finally, all three aggravating factors can be found in this case. The delay has been caused by Plaintiff, who is proceeding *pro se*, so her conduct cannot be attributed to anyone else. *See Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013) (noting that given her *pro se* status, the plaintiff's conduct was attributable to no one but herself); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) (same); *see also Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (same). As for prejudice, Defendant has shown that Plaintiff's continued failure to provide discovery hampers its ability to defend its case. *See Paskauskiene*, 527 F. App'x at 334 (finding that the defendant faced substantial prejudice in defending itself in the litigation without the ability to take the plaintiff's deposition). Finally, Plaintiff has caused the delay by intentional conduct. *See Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1986) (finding delay caused by intentional conduct). Plaintiff informed Defendant's counsel over the phone that she did not "owe" Defendant anything and hung up, and she has since failed to communicate with Defendant. (*See* doc. 15-2 at 2-3.) She has also not done anything to prosecute the this case since its filing.

In conclusion, Plaintiff has chosen not to cooperate in discovery or in this lawsuit and has essentially abandoned her case. Dismissal with prejudice is therefore appropriate. *See Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412-13 (5th Cir. 2006) (affirming dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully

5

prosecuted her case *pro se* up to that point); *Wright v. Robinson*, 113 F. App'x 12, 15-16 (5th Cir. 2004) (upholding a dismissal with prejudice where a plaintiff failed to cooperate in the discovery process).

### III. RECOMMENDATION

This case should be dismissed with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**SO RECOMMENDED** on this 7th day of November, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE